PROB 12C
(6/16)

Report Date: January 19, 2018

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2018

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Naomi N. Warren                Case Number: 0980 2:17CR00017-TOR-1

Address of Offender:                Kettle Falls, Washington 99141

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: May 30, 2017

Original Offense:        Embezzlement and Theft from Indian Tribal Organizations, 18 U.S.C. § 4

Original Sentence:       Prison - 5 months            Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Patrick J. Cashman           Date Supervision Commenced: November 16, 2017

Defense Attorney:        Jill Gannon-Nagle            Date Supervision Expires: November 15, 2020

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 7**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis testing and sweat patch testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: On November 20, 2017, the offender reported to the United States Probation Office for the purpose of an intake. It was at that time the offender was informed of all mandatory, standard, and special conditions of supervised release. The offender acknowledged she understood her obligation to the Court. |
| | On or about November 29, 2017, Ms. Warren violated terms of supervised release by consuming codeine. |
| | On November 29, 2017, Ms. Warren submitted to a urinalysis at the residential reentry center (RRC) which tested presumptive positive for opiates. On December 11, 2017, RRC staff informed the undersigned officer the urinalysis was confirmed positive for codeine and Ms. Warren had no documentation of any medication containing codeine. On December 11, 2017, Ms. Warren admitted to the undersigned officer that she took a pill of her mother's prescription medication which contained codeine. |

2  **Special Condition # 9**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: On November 15, 2017, the offender reported to the United States Probation Office for the purpose of an intake. It was at that time the offender was informed of all mandatory, standard, and special conditions of supervised release. The offender acknowledged she understood her obligation to the Court.

Ms. Warren failed to abide by the rules and requirements of the RRC and thus her public law placement was terminated.

On December 11, 2017, Ms. Warren's placement at the RRC was terminated, as she failed to follow the rules and requirements by specifically providing a confirmed positive urinalysis.

3  **Standard Condition # 2:** After initially reporting to the U.S. Probation Office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On November 15, 2017, the offender reported to the United States Probation Office for the purpose of an intake. It was at that time the offender was informed of all mandatory, standard, and special conditions of supervised release. The offender acknowledged she understood her obligation to the Court.

On January 8, 2018, the undersigned officer received a phone call from Ms. Warren's roommate, Karla Benwell, who stated Ms. Warren was asked to leave their residence on January 5, 2018, as she has been drinking excessively and being belligerent. On January 8, 2018, the undersigned officer attempted to call and send a text message to Ms. Warren and her alternate contact, Juanita Warren, though both numbers appeared to be disconnected.

On January 11, 2018, Ms. Warren called the undersigned officer from an anonymous number and stated that she was ill and would most likely need to go to a hospital. The undersigned officer instructed Ms. Warren to report to the U.S. Probation Office on January 12, 2018, and/or if she was at a hospital, she would need to contact the undersigned officer with a status date and provide verification of her whereabouts. Ms. Warren failed to appear at the U.S. Probation Office and/or contact the undersigned officer as instructed on January 12, 2018. Ms. Warren's current whereabouts are unknown and she appears to be evading supervision.

4  **Standard Condition # 5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation at least 10 days before the change. If notifying the probation officer in advance is not possibly due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Prob12C
**Re: Warren, Naomi N**
**January 19, 2018**
Page 3

**Supporting Evidence**: On November 15, 2017, the offender reported to the United States Probation Office for the purpose of an intake. It was at that time the offender was informed of all mandatory, standard, and special conditions of supervised release. The offender acknowledged she understood her obligation to the Court.

Ms. Warren violated terms of supervised release by failing to report a change of her address.

On January 8, 2018, the undersigned officer received a phone call from Ms. Warren's roommate, Karla Benwell, who stated Ms. Warren was asked to leave their residence on January 5, 2018, as she has been drinking excessively and being belligerent. On January 18, 2018, the undersigned officer spoke with Ms. Warren's other roommate, Daniel Murphy. Mr. Murphy confirmed Ms. Benwell's story that she has not resided at their residence since January 5, 2018, and was asked to leave due to her excessive drinking and belligerent behavior. Furthermore, Mr. Murphy stated he was uncertain as to where Ms. Warren relocated, but stated it was most likely in Inchelium, Washington. Ms. Warren's current whereabouts are unknown and she appears to be evading supervision.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  01/19/2018

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

_Thomas O. Rice_
Signature of Judicial Officer

January 19, 2018
Date